```
                    UNITED STATES BANKRUPTCY COURT
                      Central District of Illinois
                           Danville Division

In re: Douglas H. Howard      Tamara L. Howard
        0519                   7847                    Case No. 09-
```

# CHAPTER 13 PLAN
NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY   THE COURT AS TRUE.  CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS    CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324, AND LOCAL RULES, ABSENT ANY SUCH    OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS     CONTAINED HEREIN.

The Debtor(s) above named hereby proposes the following plan.

   1. <u>Debts</u>.  All debts are provided for by this Plan.  Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee. (See Notice of Filing of Bar Date.) <u>Trustee shall</u> <u>not file a claim on behalf of any creditor</u>.

   2. <u>Payments</u>. As of the date of this plan, the debtor has paid $0.00 to the Trustee. Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of $759.95 **Monthly**, commencing _____, for **60** months for a total of $45,596.40 or until such amounts are paid that will afford payment of allowed and proven claims in the amounts payable under this Plan.

        Graduated Payment: BEGIN MONTH     # OF MONTHS          ADJUSTMENT

   3. <u>Plan Payments</u>. The Trustee, from available funds, shall make payments to creditors in the following amounts and order.  All dates for beginning of payments are estimates only and may be adjusted by the Trustee as necessary to carry out the terms of this Plan.

```
  A.  DEBTOR'S     FEE        PAID TO    BALANCE    ---PAYMENT SCHEDULE---    TOTAL
      ATTORNEY     REQUESTED  DATE       DUE        PAYMENT    LENGTH        PAYMENTS
```

**Curtis A. Anderson 3,000.00   750.00 2,250.00    125.00     18      2,250.00**

   B. <u>Mortgage Arrears</u>. (Regular monthly payments to be made by Debtor and to start on the first due date after date of filing petition)

```
                                      -PAYMENT SCHEDULE-            TOTAL
       CREDITOR     RATE    ARREARS    PAYMENT   MONTH  LENGTH     PAYMENTS
```

   C. <u>Secured Claims</u>. (A creditor's secured claim shall be the net amount due as of date of filing or the value of the collateral to which creditor's lien attaches, whichever is less.  Interest shall be allowed at contract rate or 12.00% APR whichever is less. Creditor shall retain its lien until the allowed secured portion of the claim is fully paid.

```
        CREDITOR &        --PAYMENT SCHEDULE—                TOTAL
        COLLATERAL        RATE    CLAIM    PAYMENT  MONTH  LENGTH   PAYMENTS
```

   i. Secured Claims - Paid in full
        NONE

   ii. Secured Claims - Cure Default Only
        NONE

Chapter 13 Plan - Page 1 of 3

In re: Douglas H. Howard     Tamara L. Howard
       0519                   7847                    Case No. 09-

   D. <u>Priority Claims</u>. (Unsecured claims entitled to priority under 11 U.S.C. §507 shall be paid in full as follows.)

| CREDITOR | PRIORITY | -PAYMENT SCHEDULE- | TOTAL |
|---|---|---|---|
| **NONE** | | | |

   E. <u>Separate Class of Unsecured Claims.</u> (May include co-signed debts as provided for by 11 U.S.C. §1301, including interest at contract rate.)

| CREDITOR & CLASSIFICATION | UNSECURED CLAIM | -PAYMENT SCHEDULE- | TOTAL |
|---|---|---|---|
| **NONE** | | | |

   F. <u>Unsecured Creditors.</u>(All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. Debtor estimates the unsecured claims to total **$38,827.44**, and proposes to provide at least **$38,827.44**, which will pay in full said creditors' claims, or in no event provide a composition percentage of less than **100%**.(Funds Provided/UnsecuredClaims)

   G. <u>Lien Avoidance.</u> (Debtor intends to file a motion, pursuant to Bankruptcy Rule 4003(d) to avoid all nonpossesssory, nonpurchase money security interest and judicial liens as provided by 11 U.S.C.§522(f), and the plan herein provides for payment of such liens as general unsecured claims only. Any creditors' claim or portion thereof not listed in paragraph C above is to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this plan, will be binding upon confirmation, but the lien shall survive unless avoided.

   H. <u>Leases and contracts.</u> The Debtor hereby assumes the following unexpired leases and executory contracts, and rejects all others.

| NAME OF CREDITOR | DESCRIPTION |
|---|---|
| **NONE** | |

   I. <u>Miscellaneous Provisions.</u>

**Secured Creditors to retain lien rights and contract interest rates; retain credit life insurance contracts.**
**Trustee to receive 10% of Plan payments currently estimated to be $4,518.52.**
**Debtors to surrender 2007 dirt bike to The Honda Card/G.E. Money.**

 4. <u>Secured Claims - Paid Directly by Debtor(s).</u> The following creditors' claims are fully secured, shall be paid directly by the debtors, and receive no payments under paragraph 3 above:

| CREDITOR | COLLATERAL | MARKET VALUE | AMOUNT OF CLAIM |
|---|---|---|---|
| **Chase Home** | **217 Huffman St.** | **115,000.00** | **90,647.00** |
| **Chase Auto** | **2000 Chevy Silverado** | **3,950.00** | **3,343.00** |
| **First IL Credit Union** | **2004 Chevy Trailblazer** | **6,150.00** | **12,148.00** |
| **Mutual Fed. Savings** | **1996 Stratus boat** | **3,500.00** | **2,426.00** |

 5. <u>Future Income.</u> Debtor(s) submits all future earnings or other future income to such supervision and control of the Trustee as is necessary for the execution of this Plan.

 6. <u>Standing Trustee Percentage Fee.</u> Pursuant to 28 U.S.C. §586(e)(B), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

Chapter 13 Plan - Page 2 of 3

In re: Douglas H. Howard     Tamara L. Howard
       0519                  7847              Case No. 09-

**SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE**

A. Total Debt Provided under the Plan and administrative expenses

```
1. Attorney Fees                              2,250.00
2. Mortgage Arrears                               0.00
3. Secured Claims                                 0.00
4. Priority Claims                                0.00
5. Separate Class of Unsecured Claims             0.00
6. All other unsecured claims                38,827.44

   Total payments to above Creditors         41,077.44
   Trustee percentage                         4,518.52
   *Total Debtor payments to the Plan        45,595.96
```

*Total payments must equal total of payments set forth in paragraph 2 on page 1 of this Plan.

B. Reconciliation with Chapter 7

1. Interest of unsecured creditors if Chapter 7 filed

```
a. Total property of Debtor                 161,378.75
b. Property securing debt                   104,766.00
c. Exempt property                           54,788.75
d. Priority unsecured claims                      0.00
e. Chapter 7 trustee fee                        456.00
f. Funds for Chapter 7 distribution(est.)     1,368.00
```

2. Percent of unsecured, nonpriority claims paid under Plan     100%
3. Percent of unsecured, nonpriority claims paid if Chapter 7    4.69
   files (est.)

Attorney for Debtor(s):
**Curtis A. Anderson**
**03123960**

                                 Signed: /s/Douglas H. Howard
                                      Douglas H. Howard, Debtor

**Law Office of Curtis A. Anderson**
**7 E. Harrison St.**
**Danville, IL 61832**

                                 Signed: Tamara L. Howard
                                    Tamara L. Howard, Joint Debtor

Signed: /s/Curtis A. Anderson        Dated:   7-30-09
        **Curtis A. Anderson**

Chapter 13 Plan - Page 3 of 3